## McArthur Brothers Co. v. George E. Whitney.

1. CONTRACTS—*Recoupment.*—Where defendant hired plaintiff to do a job of grading and reserved the right, if in its opinion plaintiff was not employing sufficient force to complete the work within the time mentioned, to place on the work sufficient additional force for that purpose, and deduct the cost thereof from any money which should be due plaintiff upon the contract, it can recoup nothing beyond a reasonable charge for the work done by such additional force.

**Assumpsit.**—Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

MANFORD SAVAGE and J. S. WOLFE, attorneys for appellant.

RAY & DOBBINS and WALTER B. RILEY, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

In October, 1900, appellant, having in charge, under contract with the Illinois Central Railroad Company, the construction of the earthwork for double-tracking the railroad from Gilman to Mattoon, sublet three miles of the work to appellee at the rate of ten cents per cubic yard. The contract, which was in writing, required the work to be commenced within ten days and be prosecuted with a force sufficient to complete it by November 20, 1900. It also provided

that if at any time, in the opinion of appellant, appellee was not employing sufficient force to complete the work within the time mentioned, then it would have the right to place on the work sufficient additional force for that purpose, and deduct the cost thereof from any money which should be due appellee under the contract. Appellee did not complete the work by the 20th of November, and a few days after that date appellant put a force of men and teams on the grading and kept them there, with those employed by appellee, until the work was completed. When appellant placed its force on the work, nearly half of it had been completed. A dispute arose as to the amount to be deducted for the work done by appellant's men and teams, and as the parties could not arrive at a settlement, this suit followed. A trial by jury resulted in a verdict and judgment in favor of appellee for $1,200.

To appellee's declaration appellant filed plea of general issue with notice of special matter by way of recoupment or set-off. It contended upon the trial that the total amount of grading done in constructing the double track between the stations covered by appellee's contract was 22,439 cubic yards, amounting to $2,243.90, and that it has paid out for men and teams furnished by it for the completion of the work $2,033.33, leaving a balance due appellee of $210.57 only. Appellant could recoup nothing beyond a reasonable charge for the work done by it, of course. The evidence is confusing, and it is difficult to determine from it the exact amount appellant is entitled to recoup. A careful review of the record, however, satisfies us that the charges of appellant are excessive. The men and the teams did not put in full time, and some of them did not perform faithful service. The only objections urged against instructions are hypercritical, and, as we see no substantial error in the court's rulings upon evidence, the judgment will be affirmed.

Mr. Presiding Justice WRIGHT took no part.